UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-10724-RWZ

MICHAEL MURPHY, II,
*individually and on behalf of all others similarly situated*

v.

LAW OFFICES OF HOWARD LEE SCHIFF, P.C.

MEMORANDUM OF DECISION

February 26, 2014

ZOBEL, D.J.

Plaintiff Michael Murphy II, on behalf of himself and others similarly situated, alleges that defendant Law Offices of Howard Lee Schiff, P.C., violated the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693 et seq., by (1) requiring him to provide written notice to cancel or stop payment of a preauthorized electronic funds transfer (Count I); and (2) entering into a written agreement that contained a waiver of his right to cancel preauthorized electronic funds transfers orally or in writing, or by providing notice of cancellation to the relevant financial institution (Count II).  Defendant moves to dismiss both counts (Docket # 7).  See Fed. R. Civ. P. 12(b)(6).

I.   **Background**

Defendant sent plaintiff a written communication offering to enroll him in an automated payment plan to repay an alleged debt plaintiff owed.  Compl. ¶¶ 13-14. The communication included an electronic funds authorization, which states, "'[t]hese

deductions will commence on the day(s) you selected and will continue until your balance is paid in full or we receive your WRITTEN REQUEST to stop ACH payments.'" Id. ¶ 16 (quoting Compl. Ex. A). After plaintiff entered into the payment plan, defendant sent him a second communication, which also required defendant to make a written request to stop automatic payments. Id. ¶ 19 (citing Compl. Ex. B). Plaintiff contends these communications do not comply with the EFTA.

## II.    Legal Standard

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The court accepts as true all factual allegations contained in the complaint, but not legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). If the complaint fails to state a plausible claim upon which relief can be granted, it must be dismissed. Id.

## III.   Analysis

### A.    Count I: Written Notice

Plaintiff alleges that defendant's omission of his right to orally cancel a preauthorized transfer in the communication it sent to plaintiff unlawfully "limit[ed] the more generous cancellation rights legally provided to [p]laintiff and the class pursuant to the EFTA." Compl. ¶ 38. Defendant moves to dismiss on the ground that the EFTA's notice provisions apply only to financial institutions, and defendant, a law firm, is not a financial institution.

The EFTA provides, "[a] consumer may stop payment of a preauthorized electronic fund transfer by notifying *the financial institution orally or in writing* at any time

2

up to three business days preceding the scheduled date of such transfer." 15 U.S.C. § 1693e(a) (emphasis added). The plain terms of the statute place an obligation to comply with an oral cancellation notice only on financial institutions; professional corporations like defendant, see Compl. ¶ 11, are not included by name. Therefore, I must determine whether a professional corporation is within the EFTA's definition of a "financial institution." The regulations that implement the EFTA define a "financial institution" as

> a bank, savings association, credit union, or any other person that directly or indirectly holds an account belonging to a consumer, or that issues an access device and agrees with a consumer to provide electronic fund transfer services.

12 C.F.R. § 1005.2(i). Again, the plain terms of the statute do not encompass a law firm or professional corporation. Nor does plaintiff contend that by periodically debiting payments from plaintiff's account, defendant "directly or indirectly holds an account belonging to [plaintiff]." Id. Defendant is not a financial institution.

But does § 1693e(a) apply only to financial institutions? Plaintiff says it does not. Section § 1693m authorizes civil litigation against "any person who fails to comply with any provision of this subchapter with respect to any consumer." Plaintiff contends that because a corporation is a "person" for EFTA purposes, see 12 C.F.R. § 1105.2(j), defendant may be held liable. It is true that § 1693m provides "an enforcement mechanism against non-financial institutions." I.B. ex rel. Fife v. Facebook, Inc., 905 F. Supp. 2d 989, 1006 (N.D. Cal. 2012) (internal quotation and citation omitted). Plaintiff, however, overlooks the exemption in the statute's introductory phrase. Section 1693m

exempts the provisions of § 1693h from liability for "any person" under the statute. And § 1693(h)(3), as one court considering this exact question recently concluded, "limits liability to financial institutions for violations of the stop payment provisions concerning preauthorized transfers." Baldukas v. B & R Check Holders, Inc., No. 12-cv-01330-CMA-BNB, 2012 WL 7681733, at *4 (D. Colo. Oct. 1, 2012), adopted sub nom. by Baldukas v. B & R Check Holders, 2013 WL 950847 (D. Colo. Mar. 8, 2013). "No similar liability exists for any other 'person' under § 1693." Baldukas, 2013 WL 950847, at *2. In short, § 1693e(a) applies only to financial institutions, and defendant is not a financial institution. Notwithstanding the application of § 1693m, defendant may not be held liable under § 1693e(a). Plaintiff has not stated a claim on which relief can be granted.[1]

### B. Count II: Waiver

Plaintiff contends that by limiting the stop-payment method to only written notice, defendant caused plaintiff to waive his right to cancel preauthorized transfers orally or in writing, or by providing notice of cancellation to the relevant financial institution, as 15 U.S.C. § 1693e(a) allows. Compl. ¶ 41. That waiver violates 15 U.S.C. § 1693l, which provides,

> No writing or other agreement between a consumer and any other person

---

[1] Plaintiff also argues that defendant should be subject to the EFTA for public policy reasons. I may not indulge that argument, however, because the language of the statute is clear. See Ruiz v. Bally Total Fitness Holding Corp., 496 F.3d 1, 8 (1st Cir. 2007) ("Where, as here, [the statutory] language is clear and unambiguous, the inquiry is at an end."). I further note that O'Donovan v. Cashcall, Inc., No. C 08-03174 MEJ, 2009 WL 1833990 (N.D. Cal. June 24, 2009), on which plaintiff relies, is readily distinguishable. There, unlike here, defendant did not contest the threshold question whether it was a "financial institution" under the EFTA. The O'Donovan court examined the claims on their merits and did not address the question presently before me. The other cases defendant cites are also not on point.

may contain any provision which constitutes a waiver of any right conferred or cause of action created by this subchapter. Nothing in this section prohibits, however, any writing or other agreement which grants to a consumer a more extensive right or remedy or greater protection than contained in this subchapter or a waiver given in settlement of a dispute or action.[2]

Plaintiff adequately states a claim. If plaintiff attempted to orally cancel a payment within the applicable time period, he would have breached the terms of the payment plan, even though he was within his EFTA-conferred rights. As the Baldukas court concluded, that is enough to state a claim for a violation of 15 U.S.C. § 1693l. 2012 WL 7681733, at *5.

Defendant's arguments to the contrary are unpersuasive. Defendant first contends that plaintiff did not have actual knowledge of his payment transfer cancellation rights, a necessary element to prove a waiver claim. See United States v. Walker, 665 F.3d 212, 227 (1st Cir. 2011) ("Waiver normally involves the intentional relinquishment of a known right."). But I cannot infer as much at this early stage in the litigation, where I must take the alleged facts as true and construe all reasonable inferences in plaintiff's favor. See Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001).

Nor can I credit defendant's argument that it is entitled to dismissal under the EFTA's "safe harbor" affirmative defense, which exempts from liability "any act done or omitted in good faith in conformity with any rule, regulation, or interpretation thereof by the [Consumer Financial Protection] Bureau or the Board [of Governors of the Federal

---

[2] Because the statute applies to an agreement between a consumer and "any other person," the statute applies to defendant even though it is not a financial institution.

Reserve].” See 15 U.S.C. § 1693m(d)(1). An affirmative defense may support dismissal of a complaint only where it is “definitively ascertainable from the complaint and other sources of information that are reviewable at this stage, and (2) the facts establish the affirmative defense with certitude.” Citibank Global Mkts., Inc. v. Santana, 573 F.3d 17, 23 (1st Cir. 2009). Here, the facts necessary to establish the affirmative defense are uncertain. Dismissal on this basis is therefore inappropriate.

Defendant’s remaining arguments are without merit.[3] Plaintiff has stated a claim under 15 U.S.C. § 1693 *l*.

## IV. Conclusion

Defendant’s motion to dismiss (Docket # 7) is ALLOWED with respect to Count I and DENIED with respect to Count II.

| | |
|---|---|
| February 26, 2014 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |

[3] Defendant explains at great length the difference between the cancellation of authorization for preauthorized fund transfers and the cancellation of a specific initiated transfer request made pursuant to that authorization. Defendant, however, does not explain the legal significance of this difference, and I divine none. Defendant also contends that by allowing plaintiff to cancel a transfer request by contacting itself rather than plaintiff’s financial institution, it provided plaintiff greater rights than the EFTA confers. This, too, has no legal significance, because supplementing EFTA-conferred rights in one area does not excuse failure to supply the EFTA’s mandatory minimum rights in another.